UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jorge A.-G. and Orlando A.-R., | File No. 26-cv-1392 (ECT/DLM) |
| Petitioners, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Petitioners Jorge A.-G. and Orlando A.-R.

Denisha Devette Daughtry, DOJ-Civ, Washington, DC, and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioners Jorge A.-G. and Orlando A.-R., father and son, are Mexican citizens who "entered the United States more than twenty years ago, in 2004." Pet. [ECF No. 1] at 4 ¶¶ 1–3, 5. Orlando has a pending Deferred Action for Childhood Arrivals ("DACA") application, and Jorge has a pending U-visa application. *Id.* at 4 ¶ 4. Orlando and Jorge "have never been subject to removal proceedings." *Id.* On February 10, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Jorge and Orlando in or near Austin, Minnesota, as part of "Operation Metro Surge." *Id.* at 4–5 ¶¶ 5, 8–9, 11. According to the

Petition, "Respondents did not allege to have or produce any warrant justifying [Jorge and Orlando's] detention." *Id.* at 5 ¶ 10.[1] It can be inferred from the Petition that Jorge and Orlando are detained in Minnesota. *See id.* at 3–4 ¶¶ 7–8, 12 (stating that since their arrest on February 10, Jorge and Orlando have been "indefinitely detained by Respondents," who include the Acting Director of ICE's Field Office in Fort Snelling, Minnesota). Respondents do not argue that Jorge and Orlando had been transferred outside of Minnesota at the time of the Petition's filing, nor do they argue that the Court lacks jurisdiction over the Petition. *See* ECF No. 6.

Jorge and Orlando challenge their detention under 28 U.S.C. § 2241. Pet. at 4 ¶ 2. They claim they have been wrongly classified as 8 U.S.C. § 1225(b)(2) detainees (whose detention is mandatory) rather than 8 U.S.C. § 1226(a) detainees (whose detention is discretionary and who are entitled to a bond hearing). Pet. at 10–11 ¶¶ 26–28; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Jorge and Orlando, that misclassification and denial of a bond hearing violate their rights to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. at 11–14 ¶¶ 29–45. Jorge and Orlando seek immediate release in Minnesota without release conditions, and with advance notice to counsel and return of their personal effects; issuance of an order enjoining their transfer outside of the District of Minnesota during the pendency of their

---

[1] The existence of a warrant is the only disputed fact in Jorge and Orlando's Petition, as Respondents attached a copy of a warrant to their answer. *See* ECF No. 6 at 1; ECF No. 6-1. That warrant is discussed *infra*.

Petition; that the Court retain jurisdiction over the matter to decide a future motion for an award of attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 18–19.

Respondents assert that Jorge and Orlando are subject to mandatory detention under § 1225(b)(2)(A). ECF No. 6 at 1. Recognizing that Jorge and Orlando's Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents rely on their arguments in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 6 at 1–2. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Jorge and Orlando have shown they have been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---,

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Jorge and Orlando's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Jorge and Orlando have lived in the United States for more than twenty years, Pet. at 4 ¶ 3, and I find their detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Choqllo Chafla v. Scott*,

---

[3] Respondents do not argue that Jorge and Orlando are subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Jorge and Orlando's detention. *See* ECF No. 6.

4

804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).

Respondents have attached a purported arrest warrant to their answer, but the attached warrant raises several concerns. (1) Respondents did not file a declaration authenticating or describing the attached warrant—it was merely attached to Respondents' answer, without including a citation to the attachment. *See* ECF Nos. 6, 6-1. (2) Respondents' answer states that "[o]n February 10, 2026, *Petitioners were issued* Warrants for Arrest, Form I-200," ECF No. 6 at 1 (emphasis added), but the only attached warrant is for Jorge; it does not mention Orlando. *See* ECF No. 6-1. (3) The attached warrant is dated February 10, 2026, the same day as Jorge's arrest, but absent a time-stamp or any explanatory declaration testimony, there is no indication whether the warrant was issued prior to, or after, Jorge's arrest. *See id.* (4) Respondents were ordered to include in their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of [Jorge and Orlando's] detention in light of the issues raised in the

5

Petition," as well as "[w]hether the absence of a warrant preceding [Jorge and Orlando's] arrest necessitates [their] immediate release." ECF No. 3 at 1–2. Respondents do not dispute the Petition's factual allegations about the arrest—namely, that "Respondents did not allege to have or produce any warrant justifying [Jorge and Orlando's] detention," that Respondents did not "appear to have any basis for probable cause or reasonable suspicion of criminal activity," and that "[Jorge and Orlando's] detention appeared to be the result of racial profiling." Pet. ¶ 10. Respondents' statement that "Petitioners were issued Warrants for Arrest" does not reveal whether the attached warrant *preceded* Jorge's arrest. *See* ECF No. 6. Respondents make no legal argument about the attached warrant's legal effects on Jorge, much less how it could affect Orlando. *See id.* And Respondents do not argue that any other legal or statutory basis existed for a warrantless arrest. *See id.*; *see also* 8 U.S.C. § 1357(a) (addressing bases for warrantless arrests by immigration officers). On these facts, the unauthenticated, unexplained warrant is insufficient to satisfy what I understand to be the requirements of § 1226(a).

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga*

6

*Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioners Jorge A.-G. and Orlando A.-R.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and are instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents shall release Petitioners from custody as follows:

    a. If Petitioners remain detained in Minnesota, Respondents shall release Petitioners from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioners have been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioners to Minnesota and then release Petitioners from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 17, 2026, at 12:00 p.m.     s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court

---

[4] The resolution of this statutory-interpretation question in Jorge and Orlando's favor makes it unnecessary to address the Petition's remaining grounds.